```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Connie Alexander

    v.                                    Civil No. 18-cv-252-JD
                                          Opinion No. 2018 DNH 100

Fay Servicing, LLC


## O R D E R

Connie Alexander, proceeding pro se, brought suit in state court to enjoin the foreclosure sale of her home by Fay Servicing, LLC. Fay Servicing removed the case to this court, and now moves to dismiss the complaint. Alexander did not file a response.


## Standard of Review

In considering a motion to dismiss, the court accepts all well-pleaded facts as true, disregarding mere legal conclusions, and resolves reasonable inferences in the plaintiff's favor. Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). Taken in that light, to avoid dismissal, the complaint must state sufficient facts to support a plausible claim for relief. In re Curran, 855 F.3d 19, 25 (1st Cir. 2017). The plausibility standard is satisfied if the factual allegations in the complaint "are sufficient to support the reasonable inference

that the defendant is liable." In re Fidelity ERISA Float Litig., 829 F.3d 55, 59 (1st Cir. 2016) (internal quotation marks omitted). The complaint need not include "a high degree of factual specificity" but "must contain more than a rote recital of the elements of a cause of action." Carcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal quotation marks omitted).

Background

Alexander provided few facts in her pro se complaint. She filed an emergency motion to stay the foreclosure sale of her property, which also provided little information. In support of its objection to Alexander's emergency motion, Fay Servicing argued that because of Alexander's bankruptcy discharge it could not seek payment of the debt.[1] The court denied Alexander's emergency motion to stay the foreclosure sale.

Alexander moved for reconsideration, stating only, "Pls Review Evidence attached." She submitted copies of three letters from Fay Servicing, which document Alexander's efforts to be approved for reinstatement and modification of her loan after her bankruptcy discharge. She also submitted a list of

---

[1] Fay Servicing provided a copy of a form, Schedule D, "Creditors Who Have Claims Secured by Property," that Alexander filed in her Chapter 7 bankruptcy proceeding and a copy of her bankruptcy discharge.

"Fay Servicing Contact Phone Calls" and her own statement to support her motion. The motion for reconsideration was denied.

The documents that have been submitted by Alexander and Fay Servicing are considered for purposes of the motion to dismiss. The background facts are those provided in the order denying the emergency motion with additional facts from the documents submitted by Alexander in support of her motion for reconsideration and documents submitted by Fay Servicing.

In 2004, Alexander borrowed $124,720.00 to buy property on Vista Ridge Drive in Londonderry, New Hampshire. Her loan was secured by a mortgage on the property. In 2016, Alexander's note and mortgage were assigned to Wilmington Savings Fund Society, FSB, dba Christiana Trust, as trustee for BCAT 2015-14BTT. Fay Servicing is the servicer for the mortgage and note. Alexander defaulted on her mortgage payments, and Fay Servicing started foreclosure proceedings.

Alexander contacted Fay Servicing to apply for a modification of her mortgage. When the terms were presented, she realized that she could not make the payments that were required. She later attempted to apply for a second modification, while the foreclosure proceedings were in progress, without success.

3

On February 28, 2017, Alexander filed for bankruptcy protection under Chapter 7. In re Alexander, 17-10251-JMD (Bankr. D.N.H. Feb. 28, 2017). Alexander listed Wilmington Savings Bank as a creditor and stated that the property at Vista Ridge Drive secured Wilmington Savings Bank's claim. The bankruptcy court granted Alexander a discharge on May 31, 2017. Doc. 6-2. The bankruptcy case was closed on June 9, 2017, and Alexander received a discharge.

The letters that Alexander appended to her motion for reconsideration show that she continued to contact Fay Servicing after receiving the bankruptcy discharge to apply for modification of her loan and mortgage. The letters show several failed attempts at loan modification. On March 21, 2018, Fay Servicing sent Alexander a letter that explained the history of her loan and informed her that the foreclosure sale would not be postponed.

In response, Alexander filed a complaint in state court to enjoin the foreclosure sale. The complaint is a state court form that Alexander completed, which directs her to provide certain information. She described her efforts to keep current on her mortgage as follows: "Attached: Was not informed that I had 37 days to submit BA - when I submitted I reached out to Fay numerous times via voicemail & Email – no contact, no phone

4

calls back — no emails returned - - I did not learn foreclosure was still pending until I spoke to a manager on Monday – see attached for better description."[2]  To describe why she was asking the court to enjoin the foreclosure sale, Alexander wrote:  "Attached – I have a strong buyer for the home – but was not given proper notice to allow them to purch – Either I would like to modify (as I have what is needed) or I will sell the property.  Do not want a foreclosure on my credit report."  She further stated that she was not informed about "time frames" for sending in her applications for modification of the loan and asks the court to order Fay Servicing to grant her a "work-out, modification, or give me the opportunity to sell the home."

The state court granted an ex parte injunction to stop the foreclosure sale and scheduled a hearing.  Fay Servicing removed the case to this court on March 28, 2018.  The foreclosure sale of Alexander's property was scheduled for Monday, April 16.  Neither party has informed the court as to whether the foreclosure sale occurred.

## Discussion

Alexander does not clearly state a claim in the complaint. Fay Servicing moves to dismiss the complaint on the ground that

---

[2] Nothing was attached to the complaint.

5

Alexander fails to state a claim because she did not allege that she was granted a discharge in bankruptcy.[3]

A bankruptcy discharge order "operates as an injunction against the commencement or continuation of any action . . . to collect, recover, or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2); Bates v. CitiMortgage, Inc., 844 F.3d 300, 304 (1st Cir. 2016). Although the debtor's personal liability for the debt is extinguished by the discharge, "the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). For that reason, although the debtor is released from personal liability for the debt, the discharge "does not prohibit a secured creditor from enforcing a valid prepetition mortgage lien." Best v. Nationstar Mortg. LLC, 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015). Further, a debtor may request and agree to reinstate or reaffirm the loan, with a payment plan, in order to avoid foreclosure. See Williams v. Rushmore Loan Mgmt.

---

[3] Although Fay Servicing represents that it could not discuss a modification of Alexander's loan and mortgage without violating the injunction imposed by the discharge, the interactions between Fay Servicing and Alexander after the discharge show that it did consider modification.

Servs., LLC, 2018 WL 1582515, at *10 (D. Conn. Mar. 31, 2018); see also 11 U.S.C. § 524(j).

While Fay Servicing is correct that Alexander received a bankruptcy discharge, which extinguished her personal liability for the debt, that was not the end of the story. After the discharge was entered, Alexander contacted Fay Servicing and was granted opportunities to repay the debt in order to avoid foreclosure. Those attempts, however, were unsuccessful, which is the basis for Alexander's complaint.

Alexander's reference to thirty-seven days appears to derive from Fay Servicing's notice to her that because she had not completed the borrower's assistance form more than thirty-seven days before the scheduled foreclosure sale, the foreclosure would proceed. That rule is taken from Regulation X of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.41(g), which provides that if a servicer receives a "complete loss mitigation application more than 37 days before a foreclosure sale", the service must comply with certain procedures before conducting a foreclosure sale. Based on the information in the letters, Alexander's application had not even been submitted, much less completed, less than two weeks before the scheduled foreclosure.

7

Alexander cites no requirement that a servicer must notify a borrower of the requirements imposed by Regulation X. She also does not allege any violation of Regulation X. Further, Alexander cites no contractual or statutory obligation for Fay Servicing to grant her a loan modification. See Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 166-67 (1st Cir. 2018). Because Alexander did not respond to the motion to dismiss, she has provided no clarification or support for her claims.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 11) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 15, 2018

cc: Connie Alexander, pro se
 Richard C. Demerle, Esq.